**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

PARFUM FRANCIS KURKDJIAN SAS,

               Plaintiff,

               v.

THE PARTNERSHIPS and
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE A,

               Defendants.

Case No. 26-cv-4701

## COMPLAINT

Plaintiff Parfum Francis Kurkdjian SAS ("Maison Francis Kurkdjian") brings the present action against the Partnerships and Unincorporated Associations identified on Schedule A filed herewith (collectively, "Defendants") and alleges as follows:

### I. JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directly targets business activities toward consumers in the United States, including Illinois, through e- commerce stores operating under the seller aliases identified in Schedule A attached hereto (the "Seller Aliases"). Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold products using infringing and counterfeit versions of Maison Francis Kurkdjian's trademarks to residents of Illinois. Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Maison Francis Kurkdjian substantial injury in the State of Illinois.

### II. INTRODUCTION

3. Maison Francis Kurkdjian files this action to combat e-commerce store operators who trade upon Maison Francis Kurkdjian's reputation and goodwill by selling unauthorized and unlicensed products, including handbags, purses, and other fashion accessories, using infringing and counterfeit versions of Maison Francis Kurkdjian's federally registered trademarks (the "Counterfeit Maison Francis Kurkdjian Products"). Defendants operate e-commerce stores one or more Seller Aliases that advertise, offer for sale and sell Counterfeit Maison Francis Kurkdjian Products to unknowing consumers.

4. E-commerce stores operating under the Seller Aliases share unique identifiers, establishing a logical relationship between them and giving rise to the inference that Defendants' counterfeiting operation arises out of the same transaction, occurrence, or series of transactions or occurrences. Defendants attempt to avoid and mitigate liability by operating under multiple Seller Aliases to conceal their identities and the full scope and interworking of their counterfeiting operation. Maison Francis Kurkdjian is forced to file this action to combat Defendants' counterfeiting of its registered trademarks, as well as to protect unknowing consumers from purchasing Counterfeit Maison Francis Kurkdjian Products over the Internet. Maison Francis Kurkdjian has been and continues to be irreparably damaged through consumer confusion, dilution, and tarnishment of its valuable trademarks because of Defendants' actions and seeks injunctive and monetary relief.

### III. THE PARTIES

5. Maison Francis Kurkdjian is a company organized and existing under the laws of France, with its principal place of business in Paris, France.

6. Maison Francis Kurkdjian is a luxury French fragrance house established in 2009 by master perfumer Francis Kurkdjian and co-founder Marc Chaya. In 2017, Maison Francis Kurkdjian became part of the Louis Vuitton Moet Hennessy (LVMH) group.

7. Maison Francis Kurkdjian is a globally recognized French luxury fragrance house engaged in the creation, production, and sale of high-end perfumes, scented body care, and lifestyle products, distinguished by its exceptional craftsmanship and artistic approach to perfumery (collectively, the "Maison Francis Kurkdjian Products").

8. Maison Francis Kurkdjian products have achieved significant recognition and acclaim, driven by the House's consistent ability to create highly distinctive, high-performance fragrances that combine artistic perfumery with broad, modern appeal, often resulting in globally recognizable scent signatures. Central to this success is the exceptional talent of Francis Kurkdjian, one of the world's

most renowned master perfumers. In 1995, at the age of twenty-six, he created Le Male for Jean Paul Gaultier, one of the world's best-selling fragrances. Kurkdjian has brought this same expertise and creative vision to Maison Francis Kurkdjian, where he has continued to develop highly successful and widely recognized perfumes. Authentic Maison Francis Kurkdjian products are readily identifiable by their unique olfactory signatures and refined presentation. In the United States and worldwide, the Maison Francis Kurkdjian name has become synonymous with artistic excellence and its creations rank among the most recognizable and respected in the luxury fragrance sector.

9. The luxury fragrance house Maison Francis Kurkdjian continues to be guided by Francis Kurkdjian's artistic vision, continuing to build on a distinctive heritage of creativity and excellence in perfumery while expanding its offerings across body care and lifestyle products.

10. Maison Francis Kurkdjian Products are distributed and sold to customers through retailers throughout the United States, including in company-operated boutiques and through a selective network, including high-quality department stores in Illinois such as Nordstrom, Neiman Marcus, and Saks Fifth Avenue.

11. In 2017, Maison Francis Kurkdjian launched its e-commerce website in Europe, soon followed by the United States and Asia.

12. Maison Francis Kurkdjian incorporates a variety of distinctive marks in the design of Maison Francis Kurkdjian Products. As a result of their long-standing use, Maison Francis Kurkdjian owns common law trademark rights in its trademarks. Maison Francis Kurkdjian has also registered its trademarks with the United States Patent and Trademark Office. Maison Francis Kurkdjian Products typically include at least one of Maison Francis Kurkdjian's registered trademarks. Often several Maison Francis Kurkdjian marks are displayed on a single product. Maison Francis Kurkdjian uses its trademarks in connection with the marketing of its Maison Francis Kurkdjian Products, including the following marks which are collectively referred to as the "Maison Francis Kurkdjian Trademarks".

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASS |
|---|---|---|---|
| 7470540 | MAISON FRANCIS KURKDJIAN | August 13, 2024 | For: candles and wicks for candles for lighting • perfumed candles in class 4<br><br>For: soaps, namely, cosmetic soaps • perfumery products, namely, perfumery fragrances and colognes • perfumes • essential oils • cosmetics • hair lotions • deodorants for personal use being perfumery • dentifrices • air fresheners, namely, air fragrancing preparations • perfumed substances for indoor perfume dispensers, namely, air fragrancing preparations • scented waters, namely scented water for linen and scented water for the hair • lavender water • toilet water • extracts of flowers being perfumes • bases for flower perfumes being perfumed extracts for perfumes • oils as fragrances for the home • essential oils for perfumery • air freshening products, namely, air fragrancing preparations • amber being perfumery, musk being perfumery, patchouli being perfumery • scented wood • potpourris and perfumed incense • bleaching preparations and other substances, namely fabric softeners |

4

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASS |
|---|---|---|---|
| | | | and laundry detergents all for laundry use • bleaching preparations, cleaning, polishing, scouring and abrasive preparations for household purposes • perfumed soap bubbles, namely, bubble bath • products for perfuming linen, namely, sachets for perfuming linen and scented linen sprays" in class 3 |
| 5682612 | FRANCIS KURKDJIAN | February 26, 2019 | For: [ jewellery and precious stones • timepieces and chronometric instruments • bracelets • necklaces • rings • earrings • brooches • fancy key-rings ] in class 14<br><br>For: perfume vaporizers sold empty, perfume sprayers sold empty, perfume dispensers sold empty, perfume burners in class 21<br><br>For: [ clothing, namely, coats, pants, shirts, dresses, jackets • footwear, except orthopaedic footwear • headgear, being headwear, namely, hats, caps ] in class 25<br><br>For: [ paper, cardboard, scented paper, scented bookmarks, scented cupboard-lining paper, incense in the nature of paper incense ]" in class 16 |

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASS |
|---|---|---|---|
| 5754041 | | May 21, 2019 | For: candles and wicks for lighting, perfumed candles in class 4

For: non-medicated soaps • perfumery products, namely, cologne, eau-de-cologne, perfume, fragrances • perfumes • essential oils • cosmetics • hair lotions • [ perfumed deodorants for personal use • dentifrices • ] room fragrances • perfumed substances for indoor perfume dispensers, namely, fragrances • scented linen water • lavender waters • eaux de toilette • extracts of flowers being perfumes • bases for flower perfumes, namely, essential oils and flower extracts, oils for perfumes and scents • oils as fragrances for the home • oils for perfumes and scents • air freshening products • perfumes, namely, amber • perfumes, namely, musk • perfumes, namely, patchouli • scented wood • pot-pourri and perfumed incense • bleaching preparations and other substances for laundry use, namely, laundry bleaching and laundry soap, laundry starch, fabric softeners • laundry detergents • cleaning, polishing, degreasing and |

6

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASS |
|---|---|---|---|
| | | | abrasive preparations for household purposes • bubble bath, namely, perfumed soap bubbles • sachets for perfuming linen" in class 3 |
| 7699616 | ROUGE 540 | February 2, 2025 | For: perfumes • eau de toilette • eau de parfum • eau de cologne • perfumery products, namely, perfumery, fragrances and colognes • cosmetics • soaps for non-medical use • bath and shower gels and salts for cosmetic use • cosmetics for skin, body, face, hair, hand and nail care • face, body, hair and hand creams, milks, lotions, gels, mists, oils and powders for cosmetic use • make-up preparations • body deodorants for personal use, namely, perfumery • extracts of flowers used as perfumes • air fragrances • indoor fragrances • perfumed substances for indoor perfume dispensers, namely, air fragrancing preparations • bleaching preparations for laundry use • laundry detergents • fabric softener • products for perfuming linen, namely, sachets for perfuming linen, waters for perfuming linen and sprays for perfuming linen • essential oils • scented wood • pot-pourri and perfumed incense • oils |

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASS |
|---|---|---|---|
| | | | for perfumes • bases for flower perfumes, namely, perfumed extracts for perfumes • perfumed oils • hair shampoo, hair lotions • shaving products, namely, shaving creams, shaving balms, shaving lotions, shaving gels • after-shave products, namely, after-shave creams, after-shave balms, after-shave lotions, after-shave gels • cosmetic skin-tanning preparations" in class 3 |
| 6993960 | 724 | March 27, 2023 | For: soaps other than for medical use, namely, non-medicated soaps • perfumery, perfumes • essential oils, cosmetics, hair lotions, deodorant for personal use, namely, perfumery, dentifrices • air fragrancing preparations, scented toilet waters, namely, scented water for linen and scented water for the hair in the nature of hair fragrance preparations, lavender water, eaux de toilette, flower extracts being perfumes, bases for flower perfumes being perfumed extracts for perfumes, perfume oils, essential oils for perfumery, amber, namely, perfumery, musk, namely, perfumery, scented woods, perfumed incense and potpourris, bleaching preparations |

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASS |
|---|---|---|---|
| | | | for laundry use, laundry detergents • cleaning, polishing, degreasing and abrasive preparations for household purposes, products for perfuming linen being sachets for perfuming linen, scented linen waters, and scented linen sprays in class 3 |
| 8122582 | GRAND SOIR | February 3, 2026 | For: non-medicated soaps • perfumery products, namely, perfumery • perfumes • essential oils • cosmetics • hair lotions • deodorant for personal use • perfumery • dentifrices • room fragrances • perfumed substances for room fragrance dispensers • scented waters and lavender waters being room fragrancing preparations • eaux de toilette • extracts of flowers being perfumes, namely, oils as perfumes for the home, oils for perfumes and scents, and air-fragrancing preparations • amber being perfume • musk being perfume • patchouli being perfume • scented wood, perfumed potpourris and incense • bleaching preparations for laundry use • laundry detergent • cleaning, polishing, scouring and abrasive preparations • |

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASS |
|---|---|---|---|
| | | | products for perfuming linen being sachets for perfuming linen, scented linen water, and scented linen sprays • cosmetics for skin, body and face care • creams, milks, lotions, gels and powders for the face, body and hands for cosmetic use • serum, lotions, masks, cleansers, exfoliating products for cosmetic use • hand and nail cream for cosmetic use • shampoos for cosmetic use • hair lotions for cosmetic use in class 3 |
| 7166355 | OUD SATIN MOOD | September 9, 2019 | For: non-medicated cosmetic soaps, perfumery, perfumes, essential oils, cosmetics, with the exception of cosmetics for the hair and scalp • hair lotions, namely, scented hair mists • deodorants for personal use, namely, perfumery, dentifrices • air fragrancing preparations, scented linen waters and scented toilet water for the hair, lavender water, eaux de toilette, flower extracts, being perfumes, bases for flower perfumes, being perfumed extracts for perfumes, perfumed oils, oils for perfumery, amber, namely perfumery, musk, namely perfumery, scented woods, |

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASS |
|---|---|---|---|
| | | | perfumed incense and potpourris, bleaching preparations for laundry use, laundry detergents, cleaning, polishing, degreasing and abrasive preparations, products for perfuming linen being sachets for perfuming linen, scented linen waters, and scented linen sprays in class 3 |
| 5766367 | MAISON FRANCIS KURKDJIAN GENTLE FLUIDITY | June 4, 2019 | For: [ non-medicated soaps • ] perfumery products, namely, cologne, eau-de-cologne, fragrances • perfumes • [ essential oils • hair lotions • perfumed deodorants for personal use in the nature of perfumery • dentifrices • room fragrances • perfumed substances for indoor perfume dispensers, namely, room fragrance refills for non-electric room fragrance dispensers • scented linen water • lavender waters • ] eaux de toilette [ • extracts of flowers being perfumes • bases for flower perfumes, namely, essential oils and flower extracts, oils for perfumes and scents • oils as fragrances for the home • oils for perfumes and scents • air freshening products • perfumes, namely, amber • perfumes, namely, musk • perfumes, namely, |

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASS |
|---|---|---|---|
| | | | patchouli • scented wood • pot-pourri and perfumed incense ] [ • bleaching preparations and other substances for laundry use, namely, laundry bleaching and laundry soap, laundry starch, fabric softeners • laundry detergents • cleaning, polishing, degreasing and abrasive preparations for household purposes • bubble bath, namely, perfumed soap bubbles • sachets for perfuming linen] in class 3 |
| 7166354 | OUD SILK MOOD | September 19, 2023 | For: non-medicated cosmetic soaps, perfumery, perfumes, essential oils, cosmetics, with the exception of cosmetics for the hair and scalp • hair lotions, namely, scented hair mists • deodorants for personal use, namely, perfumery, dentifrices • air fragrancing preparations, scented linen waters and scented toilet water for the hair, lavender water, eaux de toilette, flower extracts, being perfumes, bases for flower perfumes, being perfumed extracts for perfumes, perfumed oils, oils for perfumery, amber, namely perfumery, musk, namely perfumery, scented woods, perfumed incense and potpourris, bleaching |

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASS |
|---|---|---|---|
| | | | preparations for laundry use, laundry detergents, cleaning, polishing, degreasing and abrasive preparations, products for perfuming linen being sachets for perfuming linen, scented linen waters, and scented linen sprays in class 3 |
| 6805604 | AQUA UNIVERSALIS | August 2, 2022 | For: non-medicated soaps, perfumery, perfumes, essential oils, cosmetics, hair lotions, deodorant for personal use, namely, perfumery, dentifrices • air fragrancing preparations, scented linen waters and scented water for the hair in the nature of hair fragrance preparations, lavender water, eaux de toilette, flower extracts being perfumes, bases for flower perfumes being perfumed extracts for perfumes, perfume oils, essential oils for perfumery, amber, namely, perfumery, musk, namely, perfumery, scented woods, perfumed incense and potpourris, bleaching preparations for laundry use, laundry detergents • cleaning, polishing, degreasing and abrasive preparations for household purposes, products for perfuming linen being sachets for perfuming linen, |

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASS |
|---|---|---|---|
| | | | scented linen waters, and scented linen sprays in class 3 |
| 8163991 | LUMIERE NOIRE | March 10, 2026 | For: soaps for cosmetic use • perfumery • perfumes • essential oils • cosmetics • lotions for hair • deodorant for personal use namely perfumery • dentifrices • indoor fragrances • perfumed substances for indoor fragrance diffusers, namely, fragrances and essential oils for indoor fragrance diffusers • scented waters, namely, scented water for linen and scented water for the hair • lavender waters • eaux de toilette • flower extracts being perfumery • extracts of flowers being natural perfumery • aromatic oils as fragrances for the home • oils for perfumes and scents • air fragrances • amber being perfumery • musk being perfumery • patchouli being perfumery • scented wood • potpourri and perfumed incense • bleaching preparations and other substances for laundry use, namely, fabric softeners and laundry detergents for laundry use • laundry detergents • cleaning, polishing, household degreasing and abrasive preparations • scented linen sprays and sachets for perfuming |

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASS |
|---|---|---|---|
| | | | linen • air fragrance reed diffusers in class 3 |

13. The Maison Francis Kurkdjian Trademarks have been used exclusively and continuously in the U.S. by Maison Francis Kurkdjian and have never been abandoned. The above U.S. registrations for the Maison Francis Kurkdjian Trademarks are valid, subsisting, in full force and effect, and many are incontestable pursuant to 15 U.S.C. § 1065. Attached hereto as Exhibit 1 are true and correct copies of the U.S. Registration Certificates for the Maison Francis Kurkdjian Trademarks included in the above table. The registrations for the Maison Francis Kurkdjian Trademarks constitute prima facie evidence of their validity and of Maison Francis Kurkdjian's exclusive right to use the Maison Francis Kurkdjian Trademarks pursuant to 15 U.S.C. § 1057(b).

14. The Maison Francis Kurkdjian Trademarks are exclusive to Maison Francis Kurkdjian and are displayed extensively on Maison Francis Kurkdjian Products and in Maison Francis Kurkdjian's marketing and promotional materials. Maison Francis Kurkdjian Products have long been among the most famous and popular of their kind in the world and have been extensively promoted and advertised at great expense. In fact, Maison Francis Kurkdjian has expended millions of dollars annually in advertising, promoting, and marketing featuring the Maison Francis Kurkdjian Trademarks. Because of these and other factors, the Maison Francis Kurkdjian name and the Maison Francis Kurkdjian Trademarks have become famous throughout the United States.

15. The Maison Francis Kurkdjian Trademarks are distinctive when applied to Maison Francis Kurkdjian Products, signifying to the purchaser that the products come from Maison Francis Kurkdjian and are manufactured to Maison Francis Kurkdjian's quality standards. Whether Maison Francis Kurkdjian manufactures the products itself or licenses others to do so, Maison Francis Kurkdjian has ensured that products bearing its trademarks are manufactured to the highest quality standards. The Maison Francis Kurkdjian Trademarks have achieved tremendous fame and recognition, which has only added to the distinctiveness of the marks. As such, the goodwill associated with the Maison Francis Kurkdjian Trademarks is of incalculable and inestimable value to Maison Francis Kurkdjian.

16. Maison Francis Kurkdjian operates an e-commerce website where it promotes Maison Francis Kurkdjian Products at Maison Francis Kurkdjian.com. Maison Francis Kurkdjian Products are featured and described on the website and are available for purchase. The Maison Francis

15

Kurkdjian.com website features proprietary content, images, and designs exclusive to Maison Francis Kurkdjian.

17. Maison Francis Kurkdjian has expended substantial time, money, and other resources in developing, advertising and otherwise promoting the Maison Francis Kurkdjian Trademarks. As a result, products bearing the Maison Francis Kurkdjian Trademarks are widely recognized and exclusively associated by consumers, the public, and the trade as being high quality products from Maison Francis Kurkdjian. Maison Francis Kurkdjian is a multi-million-dollar business, and Maison Francis Kurkdjian Products have become among the most popular of their kind in the world.

18. Defendants are individuals and business entities of unknown makeup who own and/or operate one or more of the e-commerce stores under the Seller Aliases identified on Schedule A and/or other seller aliases not yet known to Maison Francis Kurkdjian. On information and belief, Defendants reside and/or operate in the People's Republic of China or other foreign jurisdictions with lax trademark enforcement systems or redistribute products from the same or similar sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

19. On information and belief, Defendants, either individually or jointly, operate one or more e-commerce stores under the Seller Aliases listed in Schedule A attached hereto. Tactics used by Defendants to conceal their identities and the full scope of their operation make it virtually impossible for Maison Francis Kurkdjian to learn Defendants' true identities and the exact interworking of their counterfeit network. If Defendants provide additional credible information regarding their identities, Maison Francis Kurkdjian intends to take appropriate steps to amend the Complaint.

### IV. DEFENDANTS' UNLAWFUL CONDUCT

20. The success of the Maison Francis Kurkdjian brand has resulted in its significant counterfeiting. Consequently, Maison Francis Kurkdjian has a worldwide anti-counterfeiting program and regularly investigates suspicious e-commerce stores identified in proactive Internet sweeps and reported by consumers. In recent years, Maison Francis Kurkdjian has identified numerous fully interactive e-commerce stores, including those operating under the Seller Aliases, which were targeting and/or offering for sale Counterfeit Maison Francis Kurkdjian Products to consumers in this District and throughout the United States.

21.  According to U.S. Customs and Border Protection ("CBP"), in fiscal year 2021 "CBP made over 27,000 seizures . . . with an estimated manufacturer's suggested retail price (MSRP) of over $3.3 billion, which represents an increase of 152% over the previous Fiscal Year, when goods valued at $1.3 billion MSRP were seized for IPR [Intellectual Property Rights] violations." (See Exhibit 2, Fiscal Year 2021 Intellectual Property Rights Seizure Statistics Report, at 5.) In FY 2021, over 24,000 of the IPR seizures (about 89 percent of the total) were shipped via mail or express services (as opposed to cargo or other means). (Id. at 37.) Over 50 percent of the IPR seizures (with an MSRP of over $2.5 billion) originated from China and Hong Kong. (Id. at 35.)

22.  Third party service providers like those used by Defendants do not adequately subject new sellers to verification and confirmation of their identities, allowing counterfeiters to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms." (See Exhibit 3, Daniel C.K. Chow, Alibaba, Amazon, and Counterfeiting in the Age of the Internet, 40 NW. J. INT'L L. & BUS. 157, at p. 25 (2020).)

23.  In its report on "Combating Trafficking in Counterfeit and Pirated Goods," the U.S. Department of Homeland Security's Office of Strategy, Policy, and Plans found that on "at least some e-commerce platforms, little identifying information is necessary for a counterfeiter to begin selling" and recommended that "[s]ignificantly enhanced vetting of third-party sellers" is necessary. (Exhibit 4 hereto at 11, 35 (Jan. 24, 2020).) The report also notes that counterfeit products account for billions in economic losses, resulting in millions of lost jobs for legitimate businesses. (Id. at 18-19.)

24.  Counterfeiters hedge against the risk of being caught and having their websites taken down from an e-commerce platform by preemptively establishing multiple virtual store fronts. (Id. at 22.) Since platforms generally do not require a seller to identify its underlying business entity, counterfeiters can have many different profiles that appear unrelated even though they are commonly owned and operated. (Id. at 39.) Further, "E-commerce platforms create bureaucratic or technical hurdles in helping brand owners to locate or identify sources of counterfeits and counterfeiters." (Chow, Ex. 3 at 25.)

25.  Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, have sold Counterfeit Maison Francis Kurkdjian Products to residents of Illinois.

26.    Defendants concurrently employ and benefit from substantially similar advertising and marketing strategies. For example, Defendants facilitate sales by designing the e-commerce stores operating under the Seller Aliases so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers. E-commerce stores operating under the Seller Aliases appear sophisticated and accept payment in U.S. dollars via credit cards, Alipay, Amazon Pay, and/or PayPal, among other methods. E-commerce stores operating under the Seller Aliases often include content and images that make it very difficult for consumers to distinguish such stores from an authorized retailer. Maison Francis Kurkdjian has not licensed or authorized Defendants to use any of the Maison Francis Kurkdjian Trademarks, and none of the Defendants are authorized retailers of genuine Maison Francis Kurkdjian Products. Many Defendants also deceive unknowing consumers by using the Maison Francis Kurkdjian Trademarks without authorization within the content, text, and/or meta tags of their e-commerce stores to attract search engines crawling the Internet looking for websites relevant to consumer searches for Maison Francis Kurkdjian Products. Other e-commerce stores operating under Seller Aliases omit using the Maison Francis Kurkdjian Trademarks in the item title to evade enforcement efforts while using strategic item titles and descriptions that will trigger their listings when consumers are searching for Maison Francis Kurkdjian Products.

27.    On information and belief, Defendants have engaged in fraudulent conduct when registering the Seller Aliases by providing false, misleading and/or incomplete information to e-commerce platforms to prevent discovery of their true identities and the scope of their e-commerce operation.

28.    On information and belief, Defendants regularly register or acquire new seller aliases for the purpose of offering for sale and selling Counterfeit Maison Francis Kurkdjian Products. Such seller alias registration patterns are one of many common tactics used by the Defendants to conceal their identities and the full scope and interworking of their counterfeiting operation, and to avoid being shut down.

29.    Even though Defendants operate under multiple fictitious aliases, the e-commerce stores operating under the Seller Aliases often share unique identifiers, such as templates with common design elements that intentionally omit any contact information or other information for identifying Defendants or other aliases they operate or use. E-commerce stores operating under the Seller Aliases include other notable common features such as use of the same registration patterns,

accepted payment methods, check-out methods, keywords, advertising tactics, similarities in price and quantities, the same incorrect grammar or misspellings, and/or the use of the same text and images. Additionally, Counterfeit Maison Francis Kurkdjian Products for sale by the Seller Aliases bear similar irregularities and indicia of being counterfeit to one another, suggesting that the Counterfeit Maison Francis Kurkdjian Products were manufactured by and come from a common source and that Defendants are interrelated.

30. On information and belief, Defendants are in constant communication with each other and regularly participate in QQ.com chat rooms and through websites such as sellerdefense.cn, kaidianyo.com and kuajingvs.com regarding tactics for operating multiple accounts, evading detection, pending litigation, and potential new lawsuits.

31. Counterfeiters such as Defendants typically operate under multiple seller aliases and payment accounts so that they can continue operation despite Maison Francis Kurkdjian's enforcement efforts. On information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their financial accounts to off-shore accounts outside the jurisdiction of this Court to avoid payment of any monetary judgment awarded to Maison Francis Kurkdjian.

32. On information and belief, Defendants are an interrelated group of counterfeiters working in active concert to manufacture, import, distribute, offer for sale, and sell Counterfeit Maison Francis Kurkdjian Products in the same transaction, occurrence, or series of transactions or occurrences. Defendants, without authorization or license from Maison Francis Kurkdjian, have jointly and severally, knowingly and willfully used and continue to use the Maison Francis Kurkdjian Trademarks in connection with the advertisement, distribution, offering for sale, and sale of Counterfeit Maison Francis Kurkdjian Products into the United States and Illinois over the Internet.

33. Defendants' unauthorized use of the Maison Francis Kurkdjian Trademarks in connection with the advertising, distribution, offering for sale, and sale of Counterfeit Maison Francis Kurkdjian Products, including the sale of Counterfeit Maison Francis Kurkdjian Products into the United States, including Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Maison Francis Kurkdjian.

## COUNT I

## TRADEMARK INFRINGEMENT AND COUNTERFEITING

### (15 U.S.C. § 1114)

34. Maison Francis Kurkdjian hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

35. This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the federally registered Maison Francis Kurkdjian Trademarks in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The Maison Francis Kurkdjian Trademarks are highly distinctive marks. Consumers have come to expect the highest quality from Maison Francis Kurkdjian Products offered, sold, or marketed under the Maison Francis Kurkdjian Trademarks.

36. Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products using counterfeit reproductions of the Maison Francis Kurkdjian Trademarks without Maison Francis Kurkdjian's permission.

37. Maison Francis Kurkdjian is the exclusive owner of the Maison Francis Kurkdjian Trademarks. Maison Francis Kurkdjian's United States Registrations for the Maison Francis Kurkdjian Trademarks (Exhibit 1) are in full force and effect. On information and belief, Defendants have knowledge of Maison Francis Kurkdjian's rights in the Maison Francis Kurkdjian Trademarks and are willfully infringing and intentionally using counterfeits of the Maison Francis Kurkdjian Trademarks. Defendants' willful, intentional, and unauthorized use of the Maison Francis Kurkdjian Trademarks is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of the Counterfeit Maison Francis Kurkdjian Products among the general public. Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

38. Maison Francis Kurkdjian has no adequate remedy at law, and if Defendants' actions are not enjoined, Maison Francis Kurkdjian will continue to suffer irreparable harm to its reputation and the goodwill of its well-known Maison Francis Kurkdjian Trademarks.

39. The injuries and damages sustained by Maison Francis Kurkdjian have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of Counterfeit Maison Francis Kurkdjian Products.

## COUNT II

### FALSE DESIGNATION OF ORIGIN

**(15 U.S.C. § 1125(a))**

40. Maison Francis Kurkdjian hereby re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs.

41. Defendants' promotion, marketing, offering for sale, and sale of Counterfeit Maison Francis Kurkdjian Products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Maison Francis Kurkdjian or the origin, sponsorship, or approval of Defendants' Counterfeit Maison Francis Kurkdjian Products by Maison Francis Kurkdjian.

42. By using the Maison Francis Kurkdjian Trademarks on the Counterfeit Maison Francis Kurkdjian Products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the Counterfeit Maison Francis Kurkdjian Products.

43. Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the Counterfeit Maison Francis Kurkdjian Products to the general public involves the use of counterfeit marks and is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125. Maison Francis Kurkdjian has no adequate remedy at law and, if Defendants' actions are not enjoined, Maison Francis Kurkdjian will continue to suffer irreparable harm to its reputation and the goodwill of its Maison Francis Kurkdjian brand.

## PRAYER FOR RELIEF

WHEREFORE, Maison Francis Kurkdjian prays for judgment against Defendants as follows:

(1) That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. Using the Maison Francis Kurkdjian Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Maison Francis Kurkdjian Product or is not authorized by Maison Francis Kurkdjian to be sold in connection with the Maison Francis Kurkdjian Trademarks;

b. Passing off, inducing, or enabling others to sell or pass off any product as a genuine Maison Francis Kurkdjian Product that is not Maison Francis Kurkdjian's or not produced under the authorization, control, or supervision of Maison Francis Kurkdjian and approved by Maison Francis Kurkdjian for sale under the Maison Francis Kurkdjian Trademarks;

c.      Committing any acts calculated to cause consumers to believe that Defendants' Counterfeit Maison Francis Kurkdjian Products are those sold under the authorization, control or supervision of Maison Francis Kurkdjian, or are sponsored by, approved by, or otherwise connected with Maison Francis Kurkdjian;

d.      Further infringing the Maison Francis Kurkdjian Trademarks and damaging Maison Francis Kurkdjian's goodwill; and

e.      Manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Maison Francis Kurkdjian, nor authorized by Maison Francis Kurkdjian to be sold or offered for sale, and which bear any of Maison Francis Kurkdjian's trademarks, including the Maison Francis Kurkdjian Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof;

(2)   For entry of an Order that, upon Maison Francis Kurkdjian's request, those with notice of the injunction, including, without limitation, any online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, and Dhgate shall disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods using the Maison Francis Kurkdjian Trademarks;

(3)   That Defendants account for and pay to Maison Francis Kurkdjian all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the Maison Francis Kurkdjian Trademarks be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

(4)   In the alternative, that Maison Francis Kurkdjian be awarded statutory damages for willful trademark counterfeiting pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the Maison Francis Kurkdjian Trademarks;

(5)   That Maison Francis Kurkdjian be awarded its reasonable attorneys' fees and costs; and

(6)   That awards Maison Francis Kurkdjian any and all other relief that this Court deems just and proper.

Dated April 24 2026                              Respectfully submitted,


                                                 */s/ Paul Kossof*

---

Counsel for Plaintiff, Parfum Francis
Kurkdjian SAS
Paul Kossof (ARDC #6319307)
KossofIPR
1509 Waukegan Road, #1162
Glenview, IL, 60025
(224) 433-1553
p.kossof@kossofipr.com